Filing # 134219119 E-Filed 09/08/2021 04:46:03 PM

## IN THE CIRCUIT COURT FOR TWENTIETH JUDICIAL CIRCUIT
## IN AND FOR COLLIER COUNTY, FLORIDA
## CIVIL ACTION

CHERRYSTONE COURT, INC.,

    Plaintiff,

v.                                                                Case No.:

THE CINCINNATI INDEMNITY COMPANY,

    Defendant.
_____/

## COMPLAINT

Cherrystone Court, Inc. ("Cherrystone" or "Insured") sues Defendant, The Cincinnati Indemnity Company ("Cincinnati" or "Insurer"), and alleges:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action for breach of contract wherein the Insured's damages is greater than thirty thousand dollars ($30,000) exclusive of interest, costs, fees, and attorney's fees.

2. At all material times hereto, Insured is and was a Florida not for profit corporation with its principal place of business in Collier County, Florida. Insured's property is located in Collier County, and the policy of insurance involved herein was issued by Insurer to Insured in Collier County, Florida.

3. At all material times hereto, Insurer is and was authorized to, and did, sell and service property insurance policies within Collier County, Florida.

### ALLEGATIONS OF FACTS

4. Insured is a condominium association organized pursuant to Chapter 718, Florida Statutes, which governs an associated condominium complex, located in Naples, Florida, consisting of residential buildings.

5. On or about September 10, 2017, the subject insurance policy issued by Insurer for Insured's Property, bearing Policy Number CAP 515 51 65 (the "Policy"), was in effect. A copy of the Policy is attached hereto as **Exhibit "A"**.

6. On or about September 10, 2017, the Insured's property, located at or about 1200 Cherrystone Court, Naples, Florida (the "Property") and as defined in the Policy, was damaged by Hurricane Irma.

7. Insured timely reported a claim to Insurer for damages resulting from Hurricane Irma.

8. Insured has satisfied its post loss obligations under the Policy.

9. Insurer acknowledged Insured's loss and assigned claim number 3334728 to the reported loss (the "Claim").

10. Based on information from its own consultants, Insured's whole loss was estimated to be $990,539.16, exclusive of interest, attorney's fees, and costs.

11. On or about June 24, 2021, Insurer determined the damages were the types of damages covered under the Policy, that there was a covered cause of loss, and that the amount of the covered loss was $55,573.90 for the Claim, below the applicable deductible and no payment has been issued for the Claim.

12. The amount of the loss as determined by Insurer left Insured uncompensated to fund the repairs necessary to restore the property from the damage caused by Hurricane Irma.

13. Based on Insurer and Insured's vast disagreement as to the amount of the loss, on July 16, 2021, Insured invoked the appraisal provision of the Policy and thereby demanded an appraisal of the amount of the loss for the Claim.

14. Insurer has refused to participate in an appraisal to determine the amount of the loss.

15. All conditions precedent to the instant action have been performed, waived, or otherwise complied with.

## COUNT I – BREACH OF CONTRACT

16. Insured incorporates prior allegations 1 through 11, above, as if set forth fully herein.

17. Insured is the named insured under the Policy and said policy was in full force and effect as to Insured at all times material to this Complaint, including when Insured's Property was damaged as described above.

18. Insurer has materially breached the Policy by (i) refusing to acknowledge coverage for all or a portion of the Claim, (ii) refusing to provide sufficient compensation for damages to the Property as due under the Policy, and (iii) refusing to discharge its contractual duty to appoint a competent and impartial appraiser.

19. Insured has suffered damages as a result of Insurer's material breach of the Policy.

20. As a result of Insurer's refusal to provide full compensation to Insured for damages, and to submit to appraisal pursuant to the Policy in order to timely resolve the Claim, the Property remains in an unfinished and damaged condition and Insured continues to suffer damages in paying for items which are properly covered by the Policy.

21. As a result of Insurer's aforementioned breach of contract, it has become necessary that Insured retain the services of the undersigned attorneys pursuant to Sections 627.428, 626.911, 57.104, 57.041, Florida Statutes. Insured is obligated to pay a reasonable fee for the undersigned attorneys' services in bringing this action including all resulting costs.

22.    Insured is entitled to recover attorney's fees and costs pursuant to Sections 627.428, 626.911, 57.104, 57.041, Florida Statutes.

WHEREFORE, Plaintiff, Insured, requests that this Court enter a judgment against the Defendant, Insurer, compelling Defendant to appoint an appraiser to determine the binding amount of loss, awarding economic damages directly and proximately caused by Insurer's breach, award costs, and attorney fees pursuant to Sections 627.428, 626.911, 57.104, 57.041, Florida Statutes, and for any and all other remedies the Court sees fit to grant in favor of Insured.

## DEMAND FOR JURY TRIAL

Plaintiff, Cherrystone Court, Inc., hereby demands a trial by jury on all issues so triable.

Dated this 8th day of September, 2021.

GOEDE, ADAMCZYK, DEBOEST & CROSS, PLLC

By: /s/ *Russell Thomson*
Russell R. Thomson
Florida Bar No. 1005235
Kurtis J. Keefer, Esq.
Florida No. 668011
RThomson@gadclaw.com
KKeefer@gadclaw.com
CUrbanowski@gadclaw.com
6609 Willow Park Drive, Suite 201
Naples, FL 34109
(239) 331-5100 – Telephone
(239) 260-7677 – Facsimile
*Attorneys for Plaintiff*