UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHERRYSTONE COURT, INC.,

    Plaintiff,

v.                                        Case No:   2:21-cv-736-JLB-NPM

THE CINCINNATI INDEMNITY
COMPANY,

    Defendant.

## ORDER

This is a Hurricane Irma insurance dispute between Plaintiff Cherrystone Court, Inc. ("Cherrystone") and its insurer, Defendant Cincinnati Indemnity Company ("Cincinnati"). The Magistrate Judge entered a Report and Recommendation, recommending that Cherrystone's motion to stay this action and compel appraisal as to the amount-of-loss (Doc. 34) be granted. (Doc. 42.) Cincinnati has objected (Doc. 44), and Cherrystone filed a response (Doc. 45). After an independent review of the record, the Court **OVERRULES** Cincinnati's objections (Doc. 44), and **ADOPTS** the Report and Recommendation (Doc. 42).

## BACKGROUND

Cincinnati issued a property insurance policy to Cherrystone, a condominium association that governs a condominium complex in Florida. (Doc. 34 at 1; Doc. 34-2.) That policy includes an appraisal provision. (Doc. 34-2 at 70.)[1] After

---

[1] The appraisal provision provides as follows:

Cherrystone suffered an allegedly covered loss and submitted a claim to Cincinnati, Cincinnati "determined that there is no coverage available for the reported loss and/or damage." (Doc. 34-3 at 1; Doc. 34 at 1–2.) Cincinnati denied the claim on several grounds, including a wear and tear exclusion and Cherrystone's purported misrepresentations during Cincinnati's investigation into the claim. (Doc. 34-3 at 2–7.) No appraisal was performed, and Cherrystone sued Cincinnati, asserting a breach of contract claim. (Docs. 1, 3.)

Cherrystone now seeks to stay this action and compel appraisal pursuant to the terms of the insurance policy. (Doc. 34.) The Magistrate Judge issued a Report and Recommendation recommending that the Court grant the motion. (Doc. 42.) Cincinnati filed an objection, essentially arguing that the appraisal provision is inapplicable because Cincinnati determined that Cherrystone's reported loss is not covered by the policy. (Doc. 44.) Cherrystone has responded to the objection. (Doc. 45.)

---

> If we and you disagree on the value of the property, the amount of Net Income and operating expense, or the amount of "loss", either may make written demand for an appraisal of the "loss". In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property, the amount of Net Income and operating expense, and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. . . . If there is an appraisal, we still retain our right to deny the claim.

(Doc. 34-2 at 70.)

## DISCUSSION

Cincinnati has not shown that the Magistrate Judge erred in finding appraisal appropriate.[2] Cincinnati first contends, that so doing, the Magistrate Judge improperly relied on Cincinnati's coverage position letter, the enclosures, and its responsive pleading in which it acknowledged that the property at issue sustained hurricane-related damages. (Doc. 44 at 2.) Cincinnati reasons that "simply because the premises sustained hurricane-related damages does not mean those damages are covered under the Policy," and that its "investigation revealed that none of the damages were covered under the Policy." (Id.)

As Cincinnati recognizes, however, the Magistrate Judge was aware of this "subtle, but significant distinction." (Id. at 3; see Doc. 42 at 10.) And the Court agrees with Cincinnati that "there is no legal authority to suggest that Cincinnati cannot rely on multiple exclusions or provisions that when combined bar coverage for a claim in its entirety." (Doc. 44 at 3.) So did the Magistrate Judge. (Doc. 42 at 7.) The question is simply whether Cincinnati's challenge to the coverage of loss is a basis to deny Cherrystone's motion to compel appraisal. The Court agrees with the Magistrate Judge in finding that it is not.

As an initial matter, "parties can seek appraisal through breach of contract and declaratory judgment actions." Positano Place at Naples II Condo. Ass'n, Inc.

---

[2] A district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1)(C). The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

v. Empire Indem. Ins. Co., No. 2:21-cv-181-SPC-NPM, 2021 WL 1610092, at *1 (M.D. Fla. Apr. 26, 2021) (citations omitted). An appropriate vehicle to address appraisal in a breach-of-contract action is a motion to compel appraisal, and a party need not move for summary judgment to compel appraisal because "appraisal will not dispose of any claims or defenses." Waterford Condo. Ass'n of Collier Cnty., Inc. v. Empire Indem. Ins. Co., No. 2:19-cv-81-FtM-38NPM, 2019 WL 3852731, at *2 (M.D. Fla. Aug. 16, 2019). Indeed, it is well established under Florida law that appraisal determines only the amount payable under an insurance policy, not whether there is an obligation to pay that amount. See Hanover Fire Ins. Co. v. Lewis, 10 So. 297, 302 (Fla. 1891).

By contrast, it has also been long established under Florida law that "[a] challenge of coverage is exclusively a judicial question. If a court decides that coverage exists, the dollar value agreed upon under the appraisal process will be binding upon both parties." State Farm Fire and Cas. Co. v. Licea, 685 So. 2d 1285, 1287–88 (Fla. 1996) (internal quotation marks, citations, and ellipses omitted). In other words, the "law in Florida is clear that issues of coverage and liability under an insurance policy are for the court or jury, respectively, whereas a dispute regarding the amount of loss found to be covered under the policy is subject to appraisal if so provided in the insurance policy." State Farm Fla. Ins. Co. v. Hernandez, 172 So. 3d 473, 476 (Fla. 3d DCA 2015). Because "putting the issue of coverage first before [appraisal] in every case might have adverse effects on the expeditious, out of court disposition of litigation," appraisal "is a favored

remedy." Sunshine State Ins. Co. v. Rawlins, 34 So. 3d 753, 754–55 (Fla. 3d DCA 2010) (citation omitted). Put simply, the Court has "discretion over the relative timing of appraisal and coverage determinations." Castillo at Tiburon Condo. Ass'n, Inc. v. Empire Indem. Ins. Co., No. 2:20-cv-468-SPC-MRM, 2021 WL 4438370, at *5 (M.D. Fla. Sept. 28, 2021).

Here, the Court agrees with the Magistrate Judge that a dispute over valuation exists. (Doc. 42 at 9–11.) Further, the insurance policy provides that a decision by the appraisal panel on the amount of loss "will be binding" on the parties. (Doc. 34-2 at 70.) And as noted, Cincinnati's ability to contest coverage of the reported losses is unaffected by the appraisal process. See, e.g., Sunshine State Ins., 34 So. 3d at 754–55; Am. Cap. Assurance Corp. v. Leeward Bay at Tarpon Bay Condo. Ass'n, 306 So. 3d 1238, 1243 (Fla. 2d DCA 2020); SafePoint Ins. Co. v. Hallet, 322 So. 3d 204, 208 (5th DCA 2021).

Specifically, Cincinnati has not shown that the Magistrate Judge erred in rejecting its asserted grounds to deny coverage as a basis to preclude appraisal. (Doc. 42 at 11–16.) Instead, those coverage issues may be determined by the Court following appraisal as to the amount sustained by the purportedly covered causes. See, e.g., Villagio at Estero Condo. Ass'n, Inc. v. Am. Cap. Assurance Corp., No. 2D20-1414, 2021 WL 1432160, at *2–3 (Fla. 2d DCA Apr. 16, 2021) (compelling appraisal despite insurer's assertion that "it wholly denied the [insured's] claim based on intentional misrepresentation of the amount of loss that constituted fraud which voids coverage under the policy"); Waterford, 2019 WL 4861196, at *1 ("[The

insurer's] consideration of a fraud defense is no reason to stop or stay appraisal."). In short, appraisal is warranted at this stage in the proceeding.[3]

Additionally, after an independent review of the record and noting the absence of an objection as to this particular point in the Magistrate Judge's well-reasoned recommendation, the Court will not impose guidelines or require specific processes during appraisal. (Doc. 42 at 17–19.) And in consideration of the relevant factors, the Court agrees that a stay is warranted because appraisal will resolve the amount-of-loss question and <u>potentially</u> resolve the parties' dispute. <u>See, e.g.</u>, <u>Waterford</u>, 2019 WL 3852731, at *3 ("[A] stay would preserve judicial resources because appraisal might resolve the parties' dispute."). Further, a stay will not unduly prejudice Cincinnati, and discovery may resume upon completion of appraisal. (<u>See</u> Doc. 35 at 8–9.)

Accordingly, it is **ORDERED**:

1. Defendant's Objections (Doc. 44) are **OVERRULED**, and the Report and Recommendation (Doc. 42) is **ADOPTED**.

2. Plaintiff's Motion to Stay and Compel Appraisal (Doc. 34) is **GRANTED**.

---

[3] Cincinnati's attempts to distinguish <u>Waterford</u> and <u>Villagio</u> are unpersuasive. (Doc. 44 at 4–5.) The Court further acknowledges Cincinnati's point that it would be inappropriate to extrapolate that Cincinnati conceded a "covered cause of loss" based on a failure to respond to a reply. (<u>Id.</u> at 3–4.) It is undisputed, however, that the property sustained some hurricane-related damages. (<u>Id.</u> at 2.) In all events, courts routinely compel appraisal when an insurer has denied coverage, and as noted, appraisal does not affect Cincinnati's ability to continue contesting coverage whatsoever.

3. This action is **STAYED** pending completion of the appraisal process as set forth in the policy.   The Clerk of Court is **DIRECTED TO ADD A STAY FLAG** to this case and **STAY THIS CASE** pending further order of this Court.

4. The parties are **DIRECTED** to jointly notify the Court of the names of (a) each party's selected appraiser and (b) the umpire, by August 26, 2022.

5. The parties are **DIRECTED** to file a joint report on the status of appraisal on November 10, 2022 and every **ninety days** thereafter. No later than **fourteen days** after the conclusion of the appraisal, the parties are **DIRECTED** to file a joint notice stating (a) what issues, if any, remain for the Court to resolve, (b) whether the stay needs to be lifted, and (c) how this action should proceed.

**ORDERED** at Fort Myers, Florida, on August 12, 2022.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE